IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDANCE CLARK, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>   v.<br><br>SPRINT SPECTRUM L.P. *et al.*,<br><br>    Defendants. | No. C 10-03625 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE TO CENTRAL DISTRICT OF CALIFORNIA** |

    Defendants have filed a motion to transfer venue, which is scheduled for hearing on December 16, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court hereby GRANTS defendants' motion to transfer, and TRANSFERS this action to the United States District Court for the Central District of California.

**BACKGROUND**

    In 2009, plaintiff Kandance Clark purchased a cellular telephone as well as an Equipment Service and Repair Program ("ESRP") and an Equipment Replacement Program from defendants Sprint Spectrum L.P. and Sprint Solutions, Inc. (collectively "Sprint"). First Amend. Compl. ("FAC") ¶ 23. Plaintiff alleges that the telephone was not immersed in nor directly exposed to water during the time that she owned it. *Id.* In early 2010, plaintiff's telephone began to malfunction, so she took it to a Sprint store in San Pedro, California, to be repaired. *Id.* ¶¶ 6, 24. Plaintiff alleges that a Sprint employee opened the telephone's battery cover and discovered that the "rejection sticker" inside had

turned red. *Id.* The employee allegedly told plaintiff that because red rejection stickers indicate water damage, the manufacturer warranty and ESRP did not apply. *Id.* ¶¶ 6, 25. Plaintiff alleges that the employee made no further attempt to ascertain whether plaintiff's telephone had in fact been exposed to water. *Id.* ¶ 6. Plaintiff was required to pay a $100 insurance deductible to replace the telephone. *Id.* ¶¶ 6, 27.

In her first amended complaint, plaintiff alleges claims for (1) declaratory relief, (2) breach of warranty, (3) breach of contract, (4) violations of the Song-Beverly Consumer Warranty Act, (5) fraud, (6) unfair and deceptive acts and practices in violation of the Consumers Legal Remedies Act, (7) unfair business practices in violation of Cal. B.P.C. § 17200, *et seq.*, (8) untrue and misleading advertising in violation of Cal. B.P.C. § 17500, *et seq.*, and (9) unjust enrichment. *See id.* ¶¶ 48-113. In addition, plaintiff seeks to certify her claims as a nationwide and statewide class action. *See id.* ¶¶ 34-47. Specifically, plaintiff seeks to represent "[a]ll persons who reside in the United States who (a) own a Sprint cellular telephone that is covered by the ESRP; and/or (b) own or once owned a Sprint cellular telephone and who were denied coverage under the Warranty and/or the ESRP by Sprint for its repair or replacement because a Rejection Sticker had been triggered, without Sprint's determining whether the cellular telephone had actually been damaged by water." *Id.* ¶ 35. Plaintiff also seeks to represent a subclass of such persons, in which the members are "'consumer[s],' as that term is defined by California Civil Code section 1761(d), or purchased 'goods' or 'consumer goods,' as those terms are defined by California Civil Code sections 1761(a) and 1791(a), respectively." *Id.* ¶ 36. Plaintiff's claims have not yet been certified as a class action.

Presently before the Court is defendants' motion to transfer venue to the Central District of California.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v.*

2

*Barrack*, 376 U.S. 612, 616 (1964) (internal quotation omitted). A motion to transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

## DISCUSSION

### I. Propriety of Venue in Transferor and Transferee Districts

The parties agree that venue would be proper in either the Northern District or the Central District. *See* Def. Mot. to Transfer, at 2 (arguing that the "proper venue for this action is the Central District of California"); *id.* at 5 ("Sprint Solutions and Sprint Spectrum both do business in the Northern District of California, both therefore are subject to personal jurisdiction in the Northern District, and an action could be maintained there if it were a convenient location for the witnesses and parties."); Pl. Opp., at 4 ("[V]enue is proper in either the Northern District of California or the Central District of California."). As the parties agree that venue would be proper in both the transferor and transferee districts, the only disputed issue is whether transfer to the Central District would serve the convenience of the parties and witnesses as well as promote the interests of justice.

### II. Convenience and Promotion of the Interests of Justice

Courts use the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

### A.     Plaintiff's Choice of Forum

The plaintiff's choice of forum is usually given significant weight in transfer proceedings. *See Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). Where a plaintiff does not reside in the forum, however, the Court may afford plaintiff's choice considerably less weight. *See Sweet-Reddy v. Vons Cos. Inc.*, No. C 06-06667, 2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007) (finding that deference to plaintiff's choice of forum is diminished where plaintiff does not reside in the chosen forum and none of the events alleged in the complaint occurred there). Here, plaintiff resides in Clovis, California, which is in the Eastern District. Decl. of Kandance Clark ¶ 2.[1] She does not reside in the Northern District, which reduces the weight the Court will afford her choice of forum.[2]

Moreover, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). As mentioned above, plaintiff does not reside in

---

[1] Defendants point out that plaintiff was a resident of San Pedro, California, which is in the Central District, at the time of the event giving rise to this cause of action. Def. Mot. to Transfer, at 2 & n.2. For the purpose of venue, however, residence is determined at the time the action is filed, rather than at the time of the event giving rise to the cause of action. *See Technograph Printed Circuits, Ltd. v. Packard Bell Elecs. Corp.*, 290 F. Supp. 308, 326 (C.D. Cal. 1968).

[2] Plaintiff argues that because she does not currently reside in either the transferor or transferee district, the Court should follow the reasoning in *Temple v. Guardsmark LLC*, No. C 09-02124, 2009 WL 2997396 (N.D. Cal. Sept. 16, 2009). In *Temple*, the court denied defendant's motion to transfer to the Central District, where a resident of Vallejo, in the Eastern District, originally sued in the Northern District. *Id.* at *1. The court reasoned:

> Although plaintiff resides in the Eastern District, the Northern District is the federal court located closest to his residence. Therefore, it can be inferred that plaintiff has not engaged in forum-shopping as he has chosen the forum that is most convenient for him. Furthermore, plaintiff's claims arise under California law and involve events that occurred within this judicial district and throughout the state. Thus, this is not a case where "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter."

*Id.* at *3 (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).

This case, however, can be distinguished from *Temple* in two important ways. First, although Temple resided in the Eastern District, he lived very close to the Northern District. The court noted that Temple lived 34 miles from downtown San Francisco and 380 miles from downtown Los Angeles. *Id.* at *1 n.1. Here, however, plaintiff lives much further away from the Northern District. Plaintiff resides in Clovis, which is approximately 30 miles away from Fresno. *See* Def. Reply, at 1. Second, plaintiff does not allege any events that took place in the Northern District. Rather, the Sprint store that informed plaintiff that her telephone was not covered by the manufacturer warranty or the ESRP is located in San Pedro, which is in the Central District. *See* FAC ¶ 6; Decl. of John Wagener Decl. ¶ 5. Unlike *Temple*, then, this is a case where the operative facts have not occurred within the transferor district.

4

the Northern District. Furthermore, the Sprint store where plaintiff was informed that her telephone was not covered by the manufacturer warranty or the ESRP is located in San Pedro, which is in the Central District. *See* FAC ¶ 6; Decl. of John Wagener Decl. ¶ 5. Plaintiff is not able to identify any connection between this case and the Northern District. Indeed, defendants assert that only plaintiff's counsel is located in the Northern District, and the location of plaintiff's counsel is not an appropriate factor for the Court to consider when deciding a motion to transfer. *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."); *Lupiani v. Wal-Mart Stores, Inc.*, No. C-03-2614, 2003 U.S. Dist. LEXIS 18804, at *10 (N.D. Cal. Oct. 17, 2003) ("[C]ourts have consistently held that the convenience of plaintiff's counsel is not a factor to be considered in determining whether a particular locale is a convenient forum."). As the operative facts have not occurred within the Northern District and the Northern District has no interest in the plaintiff or subject matter of this suit, plaintiff's choice of forum is entitled to only minimal consideration.

In addition, the named plaintiff's choice of forum is given less weight when that individual represents a class. *See Lou*, 834 F.2d at 739 ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."). As plaintiff seeks to certify her claims as a class action, her choice of forum is afforded less weight.

Overall, plaintiff's choice of forum does not have significant weight in this case.

### B.     Convenience of the Parties

Regarding the convenience of the plaintiff, plaintiff resides in Clovis. Because Clovis is approximately midway between the Northern and Central Districts,[3] this does not weigh either for or against transfer. Defendants Sprint Spectrum L.P. and Sprint Solutions, Inc., were both incorporated under the laws of Delaware and have their headquarters in Kansas. FAC ¶¶ 7-8. As both the Northern

---

[3] Plaintiff alleges that the Northern District is more convenient for her than the Central District, as she lives closer to the Northern District. Although this is true, plaintiff is not significantly closer to the Northern District than the Central District; plaintiff lives in Clovis, which is approximately 30 miles away from Fresno. *See* Def. Reply, at 1.

5

and Central Districts will be equally inconvenient for defendants, this factor is also neutral.

### C. Convenience of the Witnesses

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quotation omitted). The convenience of non-party witnesses is a more important factor than the convenience of the parties. *Id.* In support of a motion to transfer, a party must identify potential witnesses by name and describe their testimony. *See id.* at 1161-65. "In determining whether this factor weighs in favor of transfer, the court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses." *Id.* at 1160-61.

Defendants have named and provided the declarations of two non-party witnesses who reside in the Central District. First, they name Jorge Hernandez, an employee of North American Wireless[4] who works at the San Pedro store and who examined plaintiff's telephone. *See* Decl. of Jorge Hernandez ¶¶ 3-4. Hernandez is expected to testify about the San Pedro store's policies and procedures regarding repairs and warranties, the condition of the telephone brought in for repair, and any information communicated to plaintiff while she was in the store. *See id.* ¶¶ 4-5; Decl. of A. Brooks Gresham ¶ 9. Second, defendants name Jaber Abuaitah, Hernandez's direct supervisor who is also an employee of North American Wireless. *See* Decl. of Jaber Abutaitah ¶¶ 4, 7. Abuaitah is expected to testify about the San Pedro store's policies and procedures regarding repairs and employee training; the store's documents, facilities, and personnel; and any information communicated to plaintiff while she was in the store. *See id.* ¶ 7; Gresham Decl. ¶ 10. Both Hernandez and Abuaitah assert that it would be financially difficult for them to travel to the Northern District to testify. Hernandez Decl. ¶ 7; Abutaitah Decl. ¶ 10.

In addition, defendants name several potential party witnesses, who are located in Sprint's regional management offices in Irvine, which is in the Central District. Def. Mot. to Transfer, at 10.

---

[4] North American Wireless is an "independent authorized service provider" for Sprint. Decl. of Jaber Abutaitah ¶ 4.

6

First, Scott Weed can testify about Sprint's policies and procedures regarding repairs and employee training; related documents; and Sprint's business facilities, practices, and personnel. Gresham Decl. ¶ 12. Second, Bruce Elebee, who works with Sprint Service and Repair Technical Support, is able to testify about the daily support of North American Wireless's service and repair center operations. *Id.* ¶ 13. Third, Tony Tuor, the Indirect Account Sales Executive for North American Wireless, can testify about sales structure and account information for North American Wireless. *Id.* Finally, Steve Santos is able to testify about "operations support for the indirect account sales executives for the indirect stores, including North American Wireless." *Id.* ¶ 14.

On the other hand, plaintiff is not able to name or describe the testimony of a single witness who resides in the Northern District. Rather, plaintiff offers the Court only speculative and general predictions about the identity of potential witnesses. *See* Pl. Opp., at 5 ("[T]he primary witnesses responsible for formulating and implementing Sprint's nationwide policies are likely in Kansas."); *id.* ("The secondary witnesses (e.g., retail agents for Defendants) are likewise scattered throughout California and the nation, where Sprint does business.").

The Court finds that the Central District is more convenient for the identified witnesses.

### D. Ease of Access to Evidence

When ruling on motions to transfer, courts consider "the ease of access to the sources of proof," rather than "whether the evidence would be unavailable absent the transfer." *Saleh*, 361 F. Supp. 2d at 1166 (internal quotation marks omitted). Defendants argue that because the event underlying plaintiff's claims took place in San Pedro, the most relevant documents and materials are likely to be located in the Central District. Plaintiff, on the other hand, argues that the documentary evidence of defendants' corporate policies and practices will be located at Sprint's headquarters in Kansas. Plaintiff also argues that because this is a statewide and nationwide class action, evidence relating to individual class member claims will be located throughout California and the United States.

Both of the parties' theories about where the evidence for this class action will be located are speculative. However, plaintiff's theory that the documentary evidence of the defendants' corporate policies and practices will be located at their headquarters in Kansas is the most plausible. At issue is

defendants' "corporate policy," which allegedly "dictates that Sprint personnel must refuse warranty coverage and ESRP coverage to consumers who seek a repair or replacement of a Sprint cellular telephone if its Rejection Sticker has changed color." FAC ¶ 17. Defendants' policy regarding warranty coverage and ESRP coverage is likely to be developed at defendants' headquarters in Kansas. This means that the relevant evidence will not be located in either the Northern or Central District, making this factor neutral.

### E. Remaining Factors

The parties do not address the remaining factors. The Court notes, however, that the remaining factors are either neutral or favor transfer. With respect to familiarity with plaintiff's claims, feasibility of consolidation, and relative court congestion, there is no evidence that either district is more favorable than the other. Finally, the Court finds that if either court has a stronger interest in the controversy, it is the Central District. While the law applied is the same in either district, the event giving rise to plaintiff's claims took place in the Central District. Thus, while the Central District's local interest in the controversy may not be substantially stronger than the Northern District's, it nevertheless remains stronger because the events at issue took place there.

There is no connection between this case and the Northern District, in regards to the location of the operative facts, residences of the parties and witnesses, and location of the evidence. Because deference to plaintiff's choice of forum is limited by the fact that she resides elsewhere and because it would be substantially more convenient for the witnesses, the Court finds that transfer of venue to the Central District of California would serve the convenience of the parties and witnesses and would promote the interests of justice.

///

**CONCLUSION**

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendants' motion to transfer venue (Docket No. 15). The Court TRANSFERS this action to the United States District Court for the Central District of California.

**IT IS SO ORDERED.**

Dated: December 15, 2010

SUSAN ILLSTON
United States District Judge