1  MCGUIREWOODS LLP
   A. BROOKS GRESHAM, SBN #155954
2  TRACY EVANS MOYER, SBN #243212
   1800 Century Park East, 8th Floor
3  Los Angeles, CA 90067
   Telephone: 310.315.8200
4  Facsimile: 310.315.8210
   bgresham@mcguirewoods.com
5  tmoyer@mcguirewoods.com

6  Attorneys for Defendants Sprint Spectrum L.P.
   and Sprint Solutions, Inc.
7

8

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

13 | KANDANCE CLARK, individually and on        | CASE NO. CV 10 9702-CAS (SSx)
   | behalf of all others similarly situated,   |
14 |                                            | **Discovery Document: Referred to**
   |           Plaintiff,                       | **Magistrate Judge Suzanne H. Segal**
15 |                                            |
   | vs.                                        |
16 |                                            | STIPULATION FOR, AND [PROPOSED]
   | SPRINT SPECTRUM L.P., a Delaware           | PROTECTIVE ORDER REGARDING
17 | corporation, SPRINT SOLUTIONS, INC., a     | CONFIDENTIAL INFORMATION
   | Delaware corporation, and DOES 1 - 50,     |
18 | inclusive,                                 |
19 |           Defendants.                      |
20

21      Pursuant to Fed. R. Civ. P. 26(c) it is hereby stipulated, consented to, and agreed by and
22 between the parties signed below, through their counsel, and it is hereby ORDERED by the Court
23 that in order to facilitate the expeditious production of documents the following provisions shall
24 be applicable in this action:

25

26

27

28
   28597000.1
            STIPULATION FOR, AND [PROPOSED] PROTECTIVE ORDER
                    REGARDING CONFIDENTIAL INFORMATION

## GOOD CAUSE STATEMENT

Good cause exists for the entry of this stipulated protective order, inasmuch as the documents which the parties identify below to be designated for protection fall within the categories of material which qualify for protection as confidential research, development, or commercial information which is proprietary and valuable, and/or which is confidential information that is sensitive, private, personal, constitutes a trade secret, and/or is otherwise protected from disclosure under pertinent authorities. *See*, Fed. R. Civ. P. 26(c); Cal. Civil Code § 3426.1; *Phillips v. Gen. Motors*, 307 F. 3d 1206 (9th Cir.2002); *Pearson v. Miller*, 211 F.3d 57 (3rd. Cir. 2000); *In re Agent Orange Product Liab. Lit.*, 104 F.R.D. 559 (E.D.N.Y. 1985); *In re Remington Arms Co., Inc.*, 952 F. 2d. 1029 (8th Cir. 1991); *Securities and Exchange Commission v. TheStreet.Com*, 273 F. 3d 222, 225 (2nd Cir. 2001); *Dove v. Atlantic Capital Corp.*, 963 F. 2d 15 (2nd Cir. 1992). Public disclosure of documents falling within those categories would cause economic harm to the designating entity and unjustly enrich the designating entity's competitors, or would place private, protectable information such as social security numbers, associative personal calling history, family member information, and private address information into the public forum, to the personal harm of the persons whose information was intended to be protected, and/or would otherwise cause economic or personal injury to the designating parties. *See, e.g., Pansy v. Borough of Stroudsberg*, 23 F.3d 772, 776 (3rd Cir. 1994); *Pearson v. Miller*, 211 F.3d 57 (3rd. Cir. 2000); *In re Agent Orange Product Liab. Lit.*, 104 F.R.D. 559 (E.D.N.Y. 1985). The burden to support the designation of each document is borne by the designating party under the terms of this Order, the Order provides for specific Court review in the event of any challenge, and the Order does not modify the sealing rules.

## SPECIFIC PROVISIONS

1. "Confidential information" as used herein means any information that is designated as "Confidential" in this action whether it be a document, information contained in a document, information revealed during a deposition or in an interrogatory answer or any information

otherwise disclosed in formal or informal discovery that has been designated as "Confidential."

2. "Highly Confidential" information as used herein means any Confidential Information designated as "Highly Confidential."

3. Any information produced or received from a party or non-party in the course of this action may be designated "Confidential" or Highly Confidential" upon the good faith belief that there is "good cause" for confidential treatment of the information pursuant to Fed. R. Civ. P. 26(c) because such information contains or reflects confidential information which has not been made public and/or which the designating party believes in good faith will, if disclosed, have the effect of causing harm to its competitive position. Confidential documents and information shall include but are not limited to confidential research, trade secrets (as defined by Cal. Civil Code § 3426.1), development or commercial information and any proprietary or commercially sensitive business or financial information, pricing, profit, revenue and cost data, device specifications, documents specifically protected by confidentiality provisions in existing agreements between parties and/or non-parties, market reports and competitive data, employee instructions, directives, and communications not intended to be publicly-circulated, proprietary processes, methods and procedures, customer information and data, including identifying information, usage information and history, and third party agreements, specifications, and disclosures, and internal or external correspondence between customers and/or third parties where there is a reasonable expectation of confidentiality, and/or which are otherwise protected by law. Highly Confidential documents and information shall include but are not limited to customer private personal information such as social security numbers and bank account information, certain pricing, modeling, profit, revenue and cost data, certain customer information, usage information and history, certain device specifications, certain market reports and competitive data, certain proprietary processes, methods and procedures and/or other information protected from disclosure by one or more federal or state privacy or consumer protection laws, authorities or regulations, and/or which are otherwise protected by law.

4. Documents containing confidential information shall be designated as such by

placing a legend, either "Confidential" or "Highly Confidential" on the document sufficient to identify it as entitled to confidential treatment in this action. If an electronic document is produced in native-format, documents containing confidential information shall be designated by providing an associated field containing the confidentiality designation in the load file or shall be designated in written correspondence to the other party with sufficient information to identify the document that is to be designated as "Confidential" or "Highly Confidential".

5. "Confidential" and/or "Highly Confidential" information produced or received in the course of this action shall be used solely for the purpose of this action (including any appeals) and not in any other litigation or for any business or other purpose whatsoever. At the conclusion of this litigation (which shall mean within 15 days of the latter of the expiration of all appeals and/or appeal periods of right from an order finally approving of a settlement or, if no settlement, within 15 days of the latter of the expiration of all appeals and/or appeal periods of right from the dismissal and/or entry of judgment in this action), counsel for the parties shall, at the option and sole expense of the producing party, return all "Confidential" and/or "Highly Confidential" documents produced or destroy all such documents, including all copies.

6. "Confidential" information may be inspected only by the following persons:

(a) the parties to this action and counsel of record for the parties to this action and any other lawyers specifically employed by them in connection with this action, and any legal, clerical, secretarial or other staff of such counsel assisting them;

(b) experts or consultants retained by the parties and any employee of such experts or consultants assisting them. Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose to an expert or consultant any information or item that has been designated by another party or non-party as "CONFIDENTIAL" must first make a written request to the designating party that (1) identifies the general categories of "CONFIDENTIAL" information that the receiving party seeks permission to disclose to the expert or consultant; (2) sets forth the full name of the expert or consultant and the city and state of his/her primary residence; (3) attached a copy of the expert or consultant's current resume, (4)

identifies the expert or consultant's current employer; (5) identifies each person or entity from whom the expert or consultant has received compensation or funding for work in her or her areas of expertise or to whom the expert or consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years;[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert or consultant has offered testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[2] Any dispute arising from this provision must be resolved in accordance with the Local Rules, specifically, L.R. 37;

    (c)    the Court and court personnel under direction of the Court;

    (d)    court reporters during depositions when disclosure is necessary for the examination of a witness;

    (e)    author(s) and recipient(s) of any "Confidential" information or those indicated on such "Confidential" information as authors or recipients, and any testifying witness whose testimony a party believes will be aided by reviewing "Confidential" information and

    (f)    any other person as to whom the parties in writing agree, or as to whom the Court directs, shall have access to such information.

7.    "Highly Confidential" information may be inspected only by the following persons:

    (a)    counsel of record for the parties to this action and any other; lawyers specifically employed by them in connection with this action, and any legal, clerical, secretarial or other staff of such counsel assisting them;

    (b)    experts or consultants retained by the parties and any employee of such

---

[1] If the expert or consultant believes any of this information is subject to a confidentially obligation to a third-party, then the expert or consultant should provide whatever information the expert or consultant believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert or consultant shall be available to meet and confer with the designating party regarding any such engagement.

[2] It may be appropriate in certain circumstances to restrict the expert or consultant from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the designating party's "CONFIDENTIAL" information.

experts or consultants assisting them. Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose to an expert or consultant any information or item that has been designated by another party or non-party as "HIGHLY CONFIDENTIAL" must first make a written request to the designating party that (1) identifies that general categories of "HIGHLY CONFIDENTIAL" information that the receiving party seeks permission to disclose to the expert or consultant; (2) sets forth the full name of the expert or consultant and the city and state of his/her primary residence; (3) attached a copy of the expert or consultant's current resume, (4) identifies the expert or consultant's current employer; (5) identifies each person or entity from whom the expert or consultant has received compensation or funding for work in her or her areas of expertise or to whom the expert or consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years;[3] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert or consultant has offered testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[4] Any dispute arising from this provision must be resolved in accordance with the Local Rules, specifically, L.R. 37;

   (c) the Court and court personnel under direction of the Court;

   (d) court reporters during depositions when disclosure is necessary for the examination of a witness;

   (e) author(s) and recipient(s) of any "Highly Confidential" information or those indicated on such "Highly Confidential" information as authors or recipients, and any testifying

---

[3] If the expert or consultant believes any of this information is subject to a confidentially obligation to a third-party, then the expert or consultant should provide whatever information the expert or consultant believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert or consultant shall be available to meet and confer with the designating party regarding any such engagement.

[4] It may be appropriate in certain circumstances to restrict the expert or consultant from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the designating party's "HIGHLY CONFIDENTIAL" information.

witness other than a plaintiff, expert, or consultant, whose testimony a party believes will be aided by reviewing "Highly Confidential" information provided that the party producing the information has been informed in writing in advance of any such inspection of the identity of the witness and is provided sufficient time to present any such objections to the Court; and

(f) any other person as to whom the parties in writing agree, or as to whom the Court directs, shall have access to such information.

8. However with respect to paragraphs 6-7 above, no person indicated in (b), (e), and/or (f) of paragraphs 6-7 may inspect "Confidential" or "Highly Confidential" information without reading this stipulation and order beforehand and being made aware of its terms and conditions and executing a written acknowledgment in the form of Attachment A hereto. Upon request, a party who has designated material as Confidential or Highly Confidential may apply to the Court to obtain copies of the executed Attachment A in the event of a dispute regarding the propriety of disclosures of such Confidential or Highly Confidential material made by the receiving party and/or a person who falls within the category of persons otherwise required to execute Attachment A who has received protected information from a receiving party. Such application may be made *ex parte*, and shall be made upon good cause in order to ensure compliance with these obligations and/or to protect against and/or remedy a potential breach of the obligations set forth herein

9. No party concedes that any information designated by any other party as confidential does in fact contain or reflect confidential information, as defined therein, or has been properly designated as Confidential or Highly Confidential. Any party may challenge any designation made pursuant to this Confidentiality Order in writing to the designating party at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The challenging party shall initiate the dispute resolution process by providing written

1  notice of each designation it is challenging and describing the basis for each challenge. To avoid
2  ambiguity as to whether a challenge has been made, the written notice must recite that the
3  challenge to confidentiality is being made in accordance with this specific paragraph of the
4  Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin
5  the process by conferring within 14 days of the service of the notice and in accordance with L.R.
6  37. The parties shall comply with all provisions of Local Rule 37 in connection with any such
7  dispute, and any motion brought thereafter. In conferring, the challenging party must explain the
8  basis for its belief that the confidentiality designation was not proper and must give the
9  designating party an opportunity to review the designated material, to reconsider the
10 circumstances, and, if no change in designation is offered, to explain the basis for the chosen
11 designation. A challenging party may proceed to the next stage of the challenge process only if it
12 has engaged in this meet and confer process first or establishes that the designating party is
13 unwilling to participate in the meet and confer process in a timely manner. If the meet and confer
14 is unsuccessful, the parties shall cooperate in the filing of a motion pursuant to L.R. 37, to be
15 initiated by the designating party, requesting this Court to resolve the dispute regarding the
16 propriety of the designation of information or to address and/or modify the rights or duties of the
17 parties under this Confidentiality Order. The burden of persuasion in any such challenge
18 proceeding shall be on the designating party, who, for purposes of L.R. 37, shall be the moving
19 party. Within 14 days of the parties agreeing that the meet and confer process will not resolve the
20 dispute, counsel for the designating party shall personally deliver, e-mail or fax to counsel for the
21 challenging party the designating party's portion of the stipulation set forth in L.R. 37, together
22 with all declarations and exhibits to be offered in support of the designating party's position.
23 Within seven (7) days of receipt of the designating party's papers, counsel for the challenging
24 party shall personally deliver, e-mail, or fax to counsel for the designating party the challenging
25 party's portion of the stipulation, together with all declarations and exhibits to be offered in
26 support of the challenging party's position. After the challenging party's papers are added to the
27 stipulation by the designating party's counsel, the stipulation shall be provided to counsel for the
28 28597000.1

challenging party, who shall sign it (electronically or otherwise) and return it to counsel for the designating party, no later than the end of the next business day, so that it can be filed with the notice of motion. Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Nothing herein shall limit or affect the right any party to seek additional protection against the disclosure of any documents or materials.

10. If the propriety of any designation of documents or information as confidential is disputed, the documents or information shall be treated as confidential until the dispute is resolved as provided herein.

11. Any new party to this case may be made subject to this stipulation and order by agreeing to be bound by its terms without further intervention by either party or the Court.

12. The treatment of confidential information at trial shall be addressed by the Court and the parties in connection with the pretrial conference.

13. Nothing herein shall prevent any of the parties from using "Confidential" or "Highly Confidential" materials in connection with any hearing or other proceeding in this matter. However, any documents filed with the Court which make use of "Confidential" and/or "Highly Confidential" materials shall be protected from disclosure to the maximum extent permitted by law, and shall be filed pursuant to and in strict accordance with the pertinent rules and court procedures relating to the filing of documents under seal, specifically, L.R. 79-5.

14. Where permitted by law, and unless otherwise required by the Court, Counsel for the respective parties are directed to place any "Confidential" or "Highly Confidential" documents to be filed under seal with the Clerk of the Court, pursuant to this stipulation and order with a Notice of Manual Filing; in an envelope marked "SEALED" and to file said documents directly with the Supervisor of the Filing Window.

15. Notwithstanding any of the foregoing provisions, the failure of any party to timely designate Confidential Information or Highly Confidential Information as such shall not constitute a waiver of the party's ability to subsequently designate such information as Confidential or

28597000.1
9
STIPULATION FOR, AND [PROPOSED] PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

1  Highly Confidential. Similarly, the production of information that would otherwise be protected
2  from disclosure by the attorney-client privilege and/or attorney work product doctrine does not
3  constitute a waiver of the privilege or protection of the requirements of *Federal Rule of Evidence*
4  *502* are met, and upon notice by the producing party that such material constitutes privileged or
5  otherwise protected communications that were inadvertently produced, the receiving party shall
6  promptly return the original and all copies of the described materials to the producing party's
7  counsel, and shall fully comply with the receiving party's obligations under all pertinent
8  professional rules of conduct and state and federal model rules and guidelines describing attorney
9  conduct. Any disputes regarding the producing party's right to the return of such material shall be
10 brought to the Court upon noticed motion, but during the pendency of the motion, shall not excuse
11 or suspend the receiving party's obligations to return such materials. The parties shall meet and
12 confer prior to the filing of any such motion, and all subject materials shall be treated as Highly
13 Confidential until the resolution of the motion, with all filing and disclosure requirements set forth
14 in this Stipulation and Order fully complied with by the receiving and/or moving party.

15  16. In the event that a party is required, by a valid discovery request, to produce a non-
16 party's confidential information in its possession, and the party is subject to an agreement with the
17 non-party not to produce the non-party's confidential information, then the party shall:

18  a. promptly notify in writing the requesting party and the non-party that some or all of
19 the information requested is subject to a confidentiality agreement with a non-party;

20  b. promptly provide the non-party with a copy of this Order, the relevant discovery
21 request(s), and a reasonably specific description of the information requested; and

22  c. make the information requested available for inspection by the non-party.

23  17. If the non-party fails to object or seek a protective order from this court within 14
24 days of receiving the notice and accompanying information, the party required, by a valid
25 discovery request, to produce the non-party's confidential information shall produce the non-
26 party's confidential information responsive to the discovery request. If the non-party timely seeks
27 a protective order, no information that is subject to the confidentiality agreement with the non-

28597000.1

10
STIPULATION FOR, AND [PROPOSED] PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

party shall be produced before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its protected material.

18. The provisions of this Order are subject to modification and revision by the Court, upon application by any party, or at the initiation of the Court.

DATED: February 3, 2011

NASSIRI & JUNG, LLP

_____
Kassra Nassiri
Michael Dillingham
Attorneys for Plaintiff

DATED: February 3, 2011

MCGUIREWOODS LLP

By: _____
A. Brooks Gresham
Tracy Evans Moyer
Attorneys for Defendants Sprint Spectrum L.P. and Sprint Solutions, Inc.

**IT IS SO ORDERED.**

DATED: February 4, 2011

_____
For the United States District Court

## ATTACHMENT A

## ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, have read the attached Stipulation and Protective Order regarding Confidential Information in this Order (the "Protective Order"), and understand its terms.

I acknowledge and agree to strictly abide by all terms set forth in the Protective Order, and agree not to disclose or use any information designated as Confidential or Highly Confidential, except as for the limited purposes set forth in the Protective Order. I understand that my obligations in this regard continue even after the conclusion of this litigation.

I agree to submit to the jurisdiction of the United States District Court, Central District of California, in the event that any dispute arises regarding my obligations under this Acknowledgement and/or the Protective Order.

DATED: _____

NAME: _____