KASSRA P. NASSIRI (215405)
knassiri@nassiri-jung.com
CHARLES H. JUNG (217909)
cjung@nassiri-jung.com
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

HOWARD YELLEN (142400)
howardyellen@yahoo.com
11200 Donner Pass Road #132
Truckee, California 96161
Telephone: (415) 578-4550

Attorneys for Plaintiff KANDANCE CLARK,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDANCE CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT SPECTRUM L.P., a Delaware corporation, SPRINT SOLUTIONS, INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV-10-9702 CAS (SSx)<br><br>**PLAINTIFF KANDANCE CLARK'S NOTICE OF MOTION AND MOTION FOR ORDER, PURSUANT TO L.R. 23-3, EXTENDING DEADLINE FOR FILING MOTION FOR CLASS CERTIFICATION, AND FOR ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>**[SUPPORTING DECLARATION OF KASSRA P. NASSIRI FILED CONCURRENTLY HEREWITH]**<br><br>Date: March 7, 2011<br>Time: 10:00 a.m.<br>Before: Christina A. Snyder |

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 7, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of United States District Court Judge Christina A. Snyder, Plaintiff KANDANCE CLARK will move, and hereby moves, for an Order providing that the deadline for Plaintiff to file a motion for certification that this action is maintainable as a class action (the "class certification motion deadline") shall be set at the initial Case Management Conference, or such other date as this Court deems just and equitable, and for an Order setting the initial Case Management Conference in this action for a date certain. This motion is made pursuant to L.R. 23-3, which provides that the class certification motion deadline is 90 days after the service of the first pleading purporting to start a class action except on order of this Court, and pursuant to the Court's inherent power to control its calendar, and also is based on principles of equity, due process and federal common law. This motion is based on all of the files and pleadings herein, which establish good cause for this motion, based upon the following:

- This action was filed on August 17, 2010, and originally was venued, in the United States District Court for the Northern District of California, where there is no local rule setting a filing deadline for a class certification motion;
- The Rule 26(f) conference did not occur until 49 days after service of the Complaint herein (which service occurred on August 25, 2010);
- No Case Management Conference has been held in this action, there is currently no date set for the initial Case Management or Scheduling Conference, and no deadlines have been set by Court Order;
- More than 90 days after service of the Complaint herein, the parties prepared and filed a Joint Case Management Conference Statement in the Northern District (which Conference was not held because the case was

-2-

**PLF. CLARK'S NOTICE OF MOTION AND L.R. 23-3 MTN. TO EXTEND DEADLINE TO FILE CLASS CERT. MTN.**
**CASE NO. CV-10-9702 CAS (SSx)**

transferred to this Court), in which Plaintiff proposed that class discovery continue for six months after the initial Case Management Conference, and Defendant took the position that Defendant should first take discovery from Plaintiff and that class discovery was not yet appropriate at all;

- On December 1, 2010, Plaintiff served its first set of discovery requests on Defendants Sprint Spectrum, L.P. and Sprint Solutions, Inc., seeking preliminary information aimed, in large part, at issues pertaining to class certification;

- On December 17, 2010, four months after this action was commenced, this Court sent to the parties its Notice of Receipt of Case Transferred In, following the Northern District Court's granting of Defendants' motion to transfer;

- On January 19, 2011, following an extension of time requested by Defendants, Defendants served Responses to Plaintiff's first set of discovery requests, in which Defendants refused to respond to most of Plaintiff's requests pertaining to class certification issues (claiming that such inquiry was "premature"), and refused to produce other documents until entry of a protective order;

- In this nationwide class action, for Plaintiff to properly prepare for the class certification motion hearing, Plaintiff needs to obtain information relating to the numerosity of the class, the commonality of putative class members' experiences, and the policies and practices that Defendants used in rejecting claims by members of the putative class.  As of the date of filing of this motion, Defendants have steadfastly refused to produce nearly every category of documents pertaining to these class certification issues.

1  This motion is made following the conference of counsel pursuant to L.R. 7-3
2  which concluded on January 27, 2011.  Defendants' counsel did not agree to extend
3  the class certification motion deadline at all, and did not consent to an early Case
4  Management Conference setting.  (<u>See</u> Declaration of Kassra P. Nassiri ¶ 9, Exh D.)

Dated:  February 7, 2011                    NASSIRI & JUNG LLP


                                            By:      /s/  *Kassra P. Nassiri*
                                                  Kassra P. Nassiri
                                                  Attorneys for Plaintiff
                                                  KANDANCE CLARK

## **TABLE OF CONTENTS**

Memorandum of Points and Authorities ................................................................. 1

I.   Issue Presented ............................................................................................. 1

II.  Introduction and Summary of Argument ..................................................... 1

III. Factual Background ..................................................................................... 2

IV.  Legal Principals ........................................................................................... 5

    A.  L.R. 23-3 Explicitly Gives this Court the Authority to
        Extend the Class Certification Motion Deadline .......................... 5

    B.  When No Scheduling Conference Has Been Held and
        Discovery Is Slow to Commence, the Class Certification
        Motion Deadline Should Be Extended ........................................... 6

    C.  Federal Policy Favors Determination of Actions on Their
        Merits. ............................................................................................. 6

V.   Discussion: Plaintiff's Motion to Extend the Time Allowed Under
     L.R. 23-3 Should Be Granted ...................................................................... 7

VI.  Conclusion ................................................................................................... 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  ISSUE PRESENTED

Does Defendants' refusal to produce discovery related to class certification constitute good cause for an extension of Local Rule 23-3's 90-day deadline to move for class certification?

### II.  INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff hereby requests the Court to continue the class certification motion deadline pursuant to Local Rule ("L.R.") 23-3, such that the deadline will be set by this Court during the initial scheduling conference along with the related discovery deadlines.  Pursuant to L.R. 23-3, a Plaintiff in the Central District must file a class certification motion with 90 days after service of a pleading unless otherwise ordered by the court.  Because this action was still seated in the Northern District as of 90 days after the service of a pleading, and Defendant's motion to transfer wasn't even ruled upon until 115 days after service of a pleading, the requirement of L.R. 23-3 simply didn't apply to this case when its 90-day deadline would have passed.

Furthermore, Defendants have refused to provide the great majority of discovery related to class certification, and Plaintiff cannot reasonably file a motion for class certification until Defendants cooperate in the discovery process.  This is a complex nationwide class action in which Defendants possess virtually all of the information relevant to class certification.  In the Joint Case Management Conference Statement filed in the Northern District, Defendants requested that the Court delay discovery related to class certification until after discovery related to Plaintiff's individual claims, and until after Defendants filed unspecified motions disposing of "certain of Plaintiff's allegations."  To date, Defendants have filed no such motion.

Plaintiff has been diligent and has already requested the substantial majority of written discovery related to class certification.  Notwithstanding Plaintiff's ongoing

-1-
**PLF.'S M.P.A. I.S.O HER MTN. TO EXTEND DEADLINE TO FILE CLASS CERT. MTN.
CASE NO. CV-10-9702 CAS (SSx)**

efforts to obtain that discovery, Defendants have remained steadfast in their refusal to provide it.

Plaintiff hereby requests that, at the initial case management conference, the Court resolve the disputed issue of how and when class-related discovery should proceed, and to set a class certification deadline that allows Plaintiff adequate time to obtain discovery on class certification issues.

### III. FACTUAL BACKGROUND

Plaintiff filed this action in the United States District Court for the Northern District of California on August 17, 2010.[1] The Northern District of California Court has no local rule setting a class certification motion hearing deadline.[2]

In the Complaint herein, Plaintiff alleges that Defendants utilize a common policy of denying warranty and service contract coverage for the cellular devices they sell whenever the rejection sticker—a small litmus paper label placed inside the devices—turns red, without inspecting for the actual cause of failure of the cellular device. (First Amended Complaint ("FAC") ¶¶ 1-5, 11-29.) Plaintiff brings the action on behalf of a nationwide class of those who purchased Defendants' Equipment Service and Repair Program and/or who were denied warranty coverage based on the rejection sticker turning red without Defendants' inspection of the cellular device to determine the cause of failure. (Id. ¶ 35.) In addition, Plaintiff brings the action on behalf of a California subclass of such consumers. (Id. ¶ 36.)

The Rule 26(f) conference in this action occurred on October 13, 2010. (Declaration of Kassra P. Nassiri ("Nassiri Decl.") ¶ 2.) At this conference, Defendants' counsel suggested that discovery be phased, with Defendants taking discovery of Plaintiff *first*, and allowing Plaintiff to take discovery relating to class

---

[1] Docket ("Dkt.") No. 1.
[2] The Court is requested to take judicial notice of the Local Rules of the United States District Court for the Northern District of California.

certification issues, if necessary, only after discovery on Plaintiff's individual claims had been completed, and only after Defendants filed certain "dispositive" motions. (Id.) No agreement about discovery was reached at the Rule 26(f) conference. (Id.)

On December 1, 2010, Plaintiff served her first set of discovery requests on Defendant Sprint Spectrum, L.P., primarily seeking discovery related to class certification issues. (Nassiri Decl. ¶ 3.)

No Case Management Conference has been held in this action. However, on December 9, 2010, the parties filed a Joint Case Management Conference Statement[3] in anticipation of the then-scheduled initial Case Management Conference. Therein Defendants argue that the principal issues of law and fact in this case include "whether this [action] can or should be certified as a class action." (Dkt. No. 31 at 5:13-16.) Defendants also reiterated their request to phase discovery so as to delay discovery regarding class certification. (Id., at 8:9-19.)

The United States District Court for the Northern District of California issued its Order transferring this action to this Court on December 15, 2010, and on December 17, 2010, four months after this action was commenced, this Court sent to the parties its Notice of Receipt of Case Transferred In. (Dkt. No. 35.)

Defendants served their Initial Disclosures pursuant to FRCP 26(f) by mail on December 30, 2010. (Nassiri Decl. ¶ 4, Exh. A.) In their Initial Disclosures, Defendants state that they refuse to produce "many" of the admittedly relevant documents until after the entry of a protective order by the Court. (Id., Exh. A at 5:13-15.) And Defendants state that "[i]f a class is ultimately certified, Sprint reserves the right to amend these disclosures to identify witnesses and documents relating thereto."[4] (Id., Exh. A at 2:24-26.)

---

[3] Dkt. No. 31.

[4] In other words, Defendants absurdly propose that they will withhold documents, witnesses and information relevant to class certification issues until *after* a class is certified.

-3-
**PLF.'S M.P.A. I.S.O HER MTN. TO EXTEND DEADLINE TO FILE CLASS CERT. MTN.
CASE NO. CV-10-9702 CAS (SSx)**

On January 19, 2011, following an extension of time that Plaintiff granted to Defendants upon Defendants' request, Sprint Spectrum, L.P. served written responses to Plaintiff's first set of discovery requests but refused to produce the majority of documents pertaining to class certification issues.  (Nassiri Decl. ¶ 5, Exhs. B, C.) Notwithstanding Plaintiff's ongoing efforts to meet and confer on the issues, as of the date of filing of this motion, Defendants still have not produced the documents and information required by Plaintiff to support her class certification motion, either in response to Plaintiff's Request for Production of Documents, Interrogatories, or in connection with Defendants' initial disclosures.  (Id.)

For example, Defendants have failed to provide reasonable responses, information, and documents sought by each of the following categories of interrogatories and requests for production:

1. Identification of class members:  Plaintiff's Interrogatories ("Rog.") Nos. 2, 3, 16, and Requests for Production ("RFP") Nos. 7, 56, 57;

2. Identification of Sprint's Agents and/or third parties responsible for acts and omissions alleged in the first Amended Complaint:  Rog. No. 4, and RFP Nos. 21, 22;

3. Information regarding Sprint's methods, policies and practices regarding inspection of handsets for water damage:   Rog. Nos. 8, 9, 10, 11, 12, 14, and RFP Nos. 1, 2, 10, 11, 12, 13, 16, 17, 35, 36, 37, 38, 39, 40;

4. Information regarding manufacture, use, accuracy, and disclosure of the litmus paper stickers used by Sprint as a proxy for water damage and therefore to reject coverage under applicable warranties and ESRPs ("Rejection Stickers"):  Rog. Nos.  5, 6, 7, and RFP Nos. 9, 11, 12, 13, 14, 15, 45, 46, 47, 58, 59, 60;

5. Information regarding Sprint's disposition of handsets after rejection of claims: RFP No. 41;

6.  Information regarding Sprint's agreements with class members, including warranties and Equipment Service Repair Programs ("ESRP"):  RFP Nos. 6, 8, 33, 34, 55;

7.  Information regarding Sprint's denial of claims under warranties and ESRPs, and Sprint's record keeping practices related to the same:  RFP. Nos. 13, 52, 53, 54;

8.  Information regarding deductible payments made by class members to Sprint:   Rog. No. 17, and RFP Nos. 56, 57;

9.  Information regarding data and document sources, and document retention policies:  Rog. No. 20, and RFP Nos. 19, 20, 23, 24, 25, 26, 27, 28.

(Nassiri Decl. ¶ 6.)

Each category of information identified above is required to support a motion for class certification.  (Nassiri Decl. ¶ 7.)  Defendants have only produced Plaintiff's service agreement, Plaintiff's telephone bills, a limited number of generic "terms and conditions" documents, and a single Securities and Exchange Commission filing showing Sprint Nextel Corporation's subsidiaries.  (Id. ¶ 8.)  Defendants have failed to produce any document in any other category.  (Id. ¶ 6.)

## IV.   LEGAL PRINCIPALS

### A.   L.R. 23-3 Explicitly Gives this Court the Authority to Extend the Class Certification Motion Deadline

Pursuant to L.R. 23-3, the trial court explicitly is given the power to extend the class certification motion deadline beyond the 90-day period following service of the complaint:

> Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 *et seq.,* the proponent of the class shall file a motion for certification that the action is maintainable as a class action, **unless otherwise ordered by the Court**.

-5-
**PLF.'S M.P.A. I.S.O HER MTN. TO EXTEND DEADLINE TO FILE CLASS CERT. MTN.
CASE NO. CV-10-9702 CAS (SSx)**

L.R. 23-3 (emphasis supplied).

### B. When No Scheduling Conference Has Been Held and Discovery Is Slow to Commence, the Class Certification Motion Deadline Should Be Extended

When "[d]iscovery has been slow to commence" and the court has not yet held its initial scheduling conference, at which it "would have entered an order setting the class certification deadlines," "it would be inequitable" not to extend the class certification motion deadline beyond the 90-day period. Misra v. Decision One Mortgage Company, LLC, 673 F. Supp. 2d 987, 993-94 (C.D. Cal. 2008); see also Ferrell v. ConcoPhillips Pipe Line Company, 2010 WL 1946896 (C.D. Cal. May 12, 2010), Slip Op. at *2 (court has the power and discretion to extend L.R. 23-3's 90-day deadline, and should do so to prevent the defendant from gaining "an unfair advantage").

Discovery regarding class certification issues often is necessary prior to resolution of the class certification motion. Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009). Thus, it may be necessary to defer the class certification hearing pending "discovery on issues such as numerosity, commonality and predominance." Clark v. Time Warner Cable, 2007 WL 1334965 (C.D. Cal. May 3, 2007), Slip Op. at *2.

### C. Federal Policy Favors Determination of Actions on Their Merits.

The Ninth Circuit recognizes that there is a strong public interest favoring "resolution on the merits" of cases over dismissals for failure to comply with procedural rules. Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); see also Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) ("The public policy favoring disposition on the merits weighs against dismissal.")

### V. DISCUSSION: PLAINTIFF'S MOTION TO EXTEND THE TIME ALLOWED UNDER L.R. 23-3 SHOULD BE GRANTED

Pursuant to L.R. 23-3, an extension of the presumptive 90-day deadline for filing a class certification motion is required, since this case was not transferred to this Court–and hence was not subject to L.R. 23-3–until 90 days had already passed.

Moreover, because the parties have such differing views about the phasing of discovery and setting of deadlines in this action (see Dkt. No. 31), and, as a result, little discovery bearing on class certification issues has taken place, it would be inequitable not to extend the class certification motion deadline beyond the 90-day period. Holding Plaintiff to the 90-day period would sound the "death knell" for her class claims, and would be against the public policy favoring disposition of cases on their merits.

### VI. CONCLUSION

This class action should be decided on the merits, and not by the misapplication L.R. 23-3. Plaintiff should be given adequate time to complete discovery and file her class certification motion in conjunction with the related discovery deadlines, which deadlines should be set during the initial case management conference. Plaintiff also respectfully submits that a Case Management Conference should be set at the Court's earliest convenience.

Dated: February 7, 2011

NASSIRI & JUNG LLP

By: */s/ Kassra P. Nassiri*
    Kassra P. Nassiri
    Attorneys for Plaintiff
    KANDANCE CLARK

-7-
**PLF.'S M.P.A. I.S.O HER MTN. TO EXTEND DEADLINE TO FILE CLASS CERT. MTN.
CASE NO. CV-10-9702 CAS (SSx)**