UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9702 CAS (SSx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | KANDACE CLARK, ETC. v. SPRINT SPECTRUM L.P.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Kassra Nassiri | A. Brooks Gresham<br>William Bower | |

**Proceedings:** **PLAINTIFF'S MOTION FOR ORDER, PURSUANT TO L.R. 23-3, EXTENDING DEADLINE FOR FILING MOTION FOR CLASS CERTIFICATION, AND FOR ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE** (filed 02/07/11)

**DEFENDANT'S MOTION TO STRIKE OR DISMISS AND STRIKE CLASS ACTION CLAIMS AND ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f) and 23(d)(1)(D)** (filed 02/07/11)

## I.   INTRODUCTION

On August 17, 2010, plaintiff Kandace Clark, individually and on behalf of all others similarly situated, filed the instant action in the Northern District of California against Sprint Nextel Corporation, a Kansas corporation, and Does 1 through 50, inclusive. On September 21, 2010, plaintiff filed a first amended complaint ("FAC") in the Northen District of California against Sprint Spectrum L.P., a Delaware corporation, Sprint Solutions, Inc., a Delaware corporation (collectively, "Sprint"), and Does 1 through 50, inclusive. Plaintiff's FAC alleges claims for: (1) declaratory relief; (2) breach of warranty; (3) breach of contract; (4) violation of the Song-Beverly Consumer Warranty Act; (5) fraud; (6) violation of the Consumers Legal Remedies Act; (7) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq.; (8) untrue and misleading advertising in violation of Cal. Bus. & Prof. Code § 17500 et seq.; and (9) unjust enrichment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9702 CAS (SSx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | KANDACE CLARK, ETC. v. SPRINT SPECTRUM L.P.; ET AL. | | |

On December 15, 2010, Hon. Susan Illston, the District Judge assigned to the case in the Northern District, granted Sprint's motion to transfer venue, and ordered the matter transferred to this Court. See Dkt. No. 33.

On February 7, 2011, plaintiff filed a motion for an order, pursuant to L.R. 23-3, extending the deadline for filing a motion for class certification, and for an order setting the initial case management conference. Also on February 7, 2011, Sprint filed a motion to strike or dismiss and strike the class action claims and allegations in plaintiff's FAC pursuant to Fed. R. Civ. P. 12(f) and 23(d)(1)(D). The parties filed their respective oppositions on February 14, 2011, and replies on February 18, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.  FACTUAL BACKGROUND**

In 2009, plaintiff purchased a Sprint cellular telephone as well as an Equipment Service and Repair Program ("ESRP") and Equipment Replacement Program from Sprint. FAC ¶ 23. In 2010, plaintiff's telephone began to malfunction, so she took it to a Sprint store in San Pedro, California, to be repaired. Id. ¶¶ 6, 24. Plaintiff alleges that a Sprint employee opened the telephone's battery cover and discovered that the "rejection sticker" had turned red. Id. ¶¶ 24–25. The employee allegedly told plaintiff that because red rejection stickers indicate water damage, the manufacturer warranty and ESRP did not apply, and plaintiff was not entitled to a cost-free repair or a replacement of the telephone. Id. ¶¶ 6, 24–25. Plaintiff alleges that the Sprint employee made no further attempt to ascertain whether plaintiff's telephone had in fact been exposed to water. Id. ¶ 6. Plaintiff alleges that her telephone was never immersed or directly exposed to water during the time she owned it. Id. ¶ 23. Plaintiff was required to pay $100 to replace her telephone under the terms of her insurance policy. Id. ¶¶ 6, 27.

Plaintiff seeks to certify her claims as a nationwide and statewide class action. See id. ¶¶ 34–47. Specifically, plaintiff seeks to represent "[a]ll persons who reside in the United States who (a) own a Sprint cellular telephone that is covered by the ESRP; and/or (b) own or once owned a Sprint cellular telephone and who were denied coverage under the Warranty and/or the ESRP by Sprint for its repair or replacement because a Rejection Sticker had been triggered, without Sprint's determining whether the cellular telephone had actually been damaged by water." Id. ¶ 35. Plaintiff also seeks to represent a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9702 CAS (SSx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | KANDACE CLARK, ETC. v. SPRINT SPECTRUM L.P.; ET AL. | | |

subclass of such persons, in which the members are "'conusmer[s],' as that term is defined by California Civil Code section 1761(d), or purchased 'goods' or 'consumer goods,' as those terms are defined by California Civil Code sections 1761(a) and 1791(a), respectively." Id. ¶ 36.

Plaintiff has not yet filed a motion for class certification, and the parties are in the early stages of conducting discovery. On February 11, 2011, the Court set a Rule 16 scheduling conference for April 18, 2011. See Dkt. No. 48.

### III. PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO FILE A MOTION FOR CLASS CERTIFICATION

Plaintiff moves for an order, pursuant to Local Rule 23-3, extending the deadline to file a motion for class certification. Mot. at 1. Plaintiff argues that such an order is warranted because this action was still pending in the Northen District as of 90 days after service of the complaint, and defendant's motion to transfer the case to this district was not granted until 115 days after service of the complaint. Id.

Rule 23 of the Federal Rules of Civil Procedure does not provide a specific time limitation for the filing of a motion for class certification. Rather, the Federal Rules dictate that the determination must be made "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). However, Local Rule 23-3 states that:

> Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.

L.R. 23-3. Courts have discretion to allow class certification after the 90 day period has expired. See Misra v. Decision One Mortg. Co., 673 F. Supp. 2d 987, 993 (C.D. Cal. 2008). Pursuant to Rule 6 of the Federal Rules of Civil Procedure, a party may seek relief from a deadline which has already passed by showing "excusable neglect," and may seek an extension of a deadline which has not yet passed by showing "good cause." See Fed. R. Civ. P. 6(b)(1)(A), (B); see also Watson v. Schwarzenegger, 347 Fed. Appx. 282, 2009 WL 1956222, at *1 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9702 CAS (SSx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | KANDACE CLARK, ETC. v. SPRINT SPECTRUM L.P.; ET AL. | | |

  The Court finds that the deadline to file a motion for class certification should be extended under the present circumstances.[1] This action was pending in the Northern District for 115 days after service of the complaint. Unlike the Central District, the Northen District has no local rule setting a class certification motion hearing deadline. It would be inequitable for the Court to strictly apply Local Rule 23-3 to cases transferred to this district from other judicial districts that do not have a comparable local rule. Sprint suggests that because plaintiff was on notice that Sprint intended to seek transfer to this district, plaintiff should have "hedge[d] [her] bets" by complying with Central District local rules even before the case was transferred here. Opp'n at 1. Sprint's argument is unsupported by the Central District's local rules, which only "apply to all civil actions and proceedings in the United States District Court for the Central District of California." L.R. 1-1. Moreover, contrary to Sprint's argument, plaintiff did not "[choose] to play the strategic game of filing in the wrong Judicial District." Opp'n at 6. As Judge Illston noted in the Order transferring venue to this district, "venue would be proper in either the Northen District or the Central District."[2] See Dkt. No. 33 at 3. Finally, the fact that discovery is in the early stages and the Rule 16 scheduling conference has not yet occurred weigh in favor of extending the L.R. 23-3 deadline. See Misra, 673 F. Supp. 2d at 994 (extending class certification deadline beyond 90 days where "discovery [was] slow to commence," and "through no fault of Plaintiffs, the 90 day cut-off contemplated by the Local Rules occurred prior to the Rule 16 scheduling conference."); see also Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th

---

 [1] The parties dispute whether the "good cause" or "excusable neglect" standard of Rule 6 applies to the present motion. Sprint argues that the Court should apply the "excusable neglect" standard because the 90 day deadline has passed. Opp'n at 5 n.3, 7–9. Plaintiff asserts that the "good cause" standard applies because Local Rule 23-3 was not applicable prior to the transfer of the case to this Court on December 17, 2010, and therefore the 90 day deadline will not lapse until March 16, 2011. Reply at 2–3. The Court need not decide whether to employ the "good cause" or "excusable neglect" standard because, regardless of which standard applies, relief from Local Rule 23-3 is appropriate.

 [2] Judge Illston granted Sprint's motion to transfer on the grounds that transfer to this district would "serve the convenience of the parties and witnesses as well as promote the interests of justice." See Dkt. No. 33 at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9702 CAS (SSx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | KANDACE CLARK, ETC. v. SPRINT SPECTRUM L.P.; ET AL. | | |

Cir. 2009) ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that the propriety of a class action cannot be determined in some cases without discovery, and that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.") (internal quotation marks, alterations, and citations omitted). Accordingly, the Court GRANTS plaintiff's motion for an order extending the deadline for filing a motion for class certification.

### IV. SPRINT'S MOTION TO STRIKE OR DISMISS THE CLASS ACTION CLAIMS AND ALLEGATIONS

Sprint moves for an order, pursuant to Fed. R. Civ. P. 12(f) and 23(d)(1)(D), striking or dismissing plaintiff's class allegations on the grounds that individual questions of proof predominate over plaintiff's class claims. Mot. at 7–11. Sprint argues that this case is inappropriate for class action treatment because each class member would have to prove that his or her cellular telephone was never exposed to water and that no Sprint employee physically inspected the telephone to determine whether it had been damaged by water. Id. at 1, 10–11.

In light of the Court's decision to extend the deadline for plaintiff to file a motion for class certification, the Court finds that Sprint's arguments are better addressed on a motion for class certification with a more complete record.[3] The Court recognizes that there is no per se rule forbidding Sprint from filing a preemptive motion to deny certification before plaintiff has filed her motion for class certification. See Vinole, 571 F.3d at 939–40. Nevertheless, the Court concludes that Sprint's motion is premature given that discovery is in the early stages, no Rule 16 conference has occurred, and plaintiff has not filed a motion for class certification. See In re Wal-Mart Stores, Inc.

---

[3] Indeed, Sprint concedes that, given the Court's determination on plaintiff's motion, its motion to strike or dismiss plaintiff's class action allegations is unripe. See Reply at 1 ("Certainly if the Court determines that discovery is necessary to decide whether the case currently pleaded can be certified, and if the Court is inclined to excuse Plaintiff from her failure to move for class certification to date or obtain permission not to do so, then Sprint's motion should be denied.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9702 CAS (SSx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | KANDACE CLARK, ETC. v. SPRINT SPECTRUM L.P.; ET AL. | | |

Wage and Hour Litigation, 505 F. Supp. 2d 609, 614–16 (N.D. Cal. 2007) (holding that Wal-Mart's motions to dismiss or strike class allegations were premature where "Wal-Mart has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed."); see also Faktor v. Lifestyle Lift, No. 1:09-cv-511, 2009 WL 1565954, at *2 (N.D. Ohio June 3, 2009) ("The Defendants' arguments on class certification are premature . . . . This Court will not determine class certification at this early stage. Before ruling on class certification this Court must conduct a rigorous analysis. A motion to strike class allegations is not a substitute for class determination and should not be used in the same way.") (internal quotation marks and citations omitted); Beauperthuy v. 24 Hour Fitness USA, Inc., No. 06-0715 SC, 2006 WL 3422198, at *3 (N.D. Cal. 2006) ("Defendants' Rule 23(d)(4) [now Rule 23(d)(1)(D)] motion is an improper attempt to argue against class certification before the motion for class certification has been made and while discovery regarding class certification is not yet complete . . . . As the Court has yet to address whether the part of Plaintiffs' action brought under Rule 23 may proceed as a class action, Rule 23(d)(4) has no application to the present situation before it.") (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1795). Accordingly, the Court DENIES Sprint's motion to strike or dismiss the class action claims and allegations.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS plaintiff's motion for an order extending the deadline for filing a motion for class certification. Given that the Court has set the initial case management conference for May 9, 2011, the Court DENIES plaintiff's motion for an order setting the initial case management conference as moot. The Court orders the parties to meet and confer and be prepared to present a proposal at the case management conference as to a briefing schedule for plaintiff's motion for class certification. The Court hereby DENIES Sprint's motion to strike or dismiss and strike the class action claims and allegations in plaintiff's FAC.

IT IS SO ORDERED.

| | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |